# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **WILLIE DOMINICK, III** | **CIVIL ACTION NO. 19-0503** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **MIKE STONE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Plaintiff Willie Dominick, III, a prisoner at Lincoln Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on April 18, 2019, under 42 U.S.C. § 1983. He names the following defendants: Sheriff Mike Stone, Police Jury, City Officer Ashcraft, and Officer Jennifer Winzer.[1]

## Background

Plaintiff alleges that Officers Ashcraft and Winzer arrested him without probable cause on approximately February 21, 2019. [doc. # 1, p. 1]. Plaintiff was asleep in his parked vehicle when the officers approached. *Id.*

Citing LA. CODE CRIM. PRO. art. 230.1(A), Plaintiff alleges that fifty-five days elapsed, from the day of his arrest, before Defendants brought him to a judge for appointment of counsel. *Id.* Plaintiff seeks punitive damages, "normal" damages, and $500,000.00 to compensate him for his mental anguish. [doc. #s 1, p. 1; 4, p. 3].

## Amendment

While Federal Rule of Civil Procedure 8 does not require explicit detail, it does require a

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

plaintiff to allege some facts which support the conclusion that the defendants violated his constitutional rights. In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

The Court has identified several deficiencies in Plaintiff's allegations. Before proceeding further, Plaintiff should amend his Complaint, provide the information outlined below, and remedy the deficiencies described below. See *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff should:

> (1) provide a separate description of what, exactly, each defendant did to violate his rights; in other words, a description of how each defendant participated in the violation of his constitutional rights;
>
> (2) provide a description of the injury or harm, if any, sustained as a result of each alleged violation;
>
> (3) identify the specific injury or harm for which he seeks monetary relief;
>
> (4) provide the location of his arrest, including the city and state;
>
> (5) clarify the relief he seeks; in other words, state exactly what he wants the Court to do for him; and
>
> (6) provide copies of any grievances, administrative remedy requests, and appeals that he filed, if any, (that are in his possession or that he may obtain) concerning each of his claims, as well as copies of any responses he received.

## 1. *Heck v. Humphrey* and *Wallace v. Kato* Considerations

Plaintiff should also amend his Complaint and: (1) identify the crimes with which he was charged arising out of his February 21, 2019 arrest; (2) state whether the charges are pending; (3) state whether he was convicted and which charges resulted in convictions; (4) state whether any conviction was reversed, expunged, declared invalid, or called into question by a federal court's

issuance of a writ of habeas corpus; and (5) provide any documents associated with his charges.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. To the extent a plaintiff's charges are pending, and to the extent the plaintiff's claims relate to rulings that will likely be made in a pending or anticipated criminal trial, a court is authorized to stay the plaintiff's claims. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

**2. False Arrest and False Imprisonment**

Plaintiff should amend his Complaint and provide the following information:

○ Plaintiff should explain the circumstances and facts leading to his arrest (i.e. explain what happened before officers arrested him). Otherwise stated, he should, to the best of his knowledge, explain why the arresting officer(s) thought Plaintiff committed a crime and detail the facts and circumstances that the officer(s) was aware of before the arrest.

○ Plaintiff should state whether a grand jury indicted him for any of the crimes at issue. If Plaintiff was indicted, he should state the date of the indictment.

○ Plaintiff should state whether he had an arraignment, bond hearing, or preliminary examination after arrest. If he did, he should state the specific dates.

○Plaintiff should state whether he had a court hearing either in person, by telephone, or by video conference in the days following his arrest. He should state whether the court ever made a probable cause determination and, if so, whether the court found probable cause.

○ Plaintiff should, if he is able, provide copies of any arrest reports, booking sheets, arrest affidavits, and warrants for arrest. He should also provide any court minutes, including minutes from any preliminary examinations, bond hearings, or arraignments.

**Conclusion**

For the foregoing reasons, **IT IS ORDERED** that Plaintiff Willie Dominick, III shall amend his Complaint, within **thirty (30) days** of the filing of this Order, to cure the deficiencies outlined above. Plaintiff shall dismiss any claims that he is unable to cure through amendment. Plaintiff shall also notify the Court of any change in his address under Local Rule 41.3.

Failure to comply with this Order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or dismissal under either Federal Rules of Civil Procedure 41(b) or 16(f).

In Chambers, Monroe, Louisiana, this 28th day of May, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE