UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**WILLIE DOMINICK, III**                 **CIVIL ACTION NO. 19-0503**

                                         **SECTION P**
**VS.**
                                         **JUDGE TERRY A. DOUGHTY**

**MIKE STONE, ET AL.**                   **MAG. JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

Plaintiff Willie Dominick, III, a prisoner at Lincoln Parish Detention Center proceeding pro se and in forma pauperis, filed the instant proceeding on April 18, 2019, under 42 U.S.C. § 1983. He names the following defendants: Sheriff Mike Stone, Police Jury, City Officer Ashcraft, and Officer Jennifer Winzer.[1]

**Background**

Plaintiff alleges that Officers Ashcraft and Winzer arrested him in Ruston, Louisiana, without probable cause, on approximately February 21, 2019, for possessing marijuana, possessing marijuana with the intent to distribute it, possessing ecstasy, possessing drug paraphernalia, and reckless operation. [doc. # 1, p. 1]. Plaintiff was sleeping in his parked vehicle when the officers approached, pulled him out of the vehicle, and searched the vehicle without probable cause. [doc. #s 1, p. 1; 10, p. 2]. The officers also searched the vehicle prior to arresting Plaintiff, while he was still sleeping. [doc. # 10, p. 2].

Citing LA. CODE CRIM. PRO. art. 230.1(A), Plaintiff alleges that fifty-five days elapsed, from the day of his arrest, before Defendants brought him to a judge for appointment of counsel.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[doc. # 1, p. 1]. That said, Plaintiff also suggests that a judge appointed counsel earlier, but that Plaintiff was only able to speak with counsel fifty-five days after his arrest. [doc. # 10, p. 2].

Plaintiff seeks punitive damages, "normal" damages, and $500,000.00 to compensate him for his mental anguish. [doc. #s 1, p. 1; 4, p. 3].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

## 2. Delay in Appointing Counsel

Citing LA. CODE CRIM. PRO. art. 230.1(A), Plaintiff alleges that fifty-five days elapsed, from the day of his arrest, before a judge appointed counsel. [doc. # 1, p. 1]. However, Plaintiff also suggests that a judge appointed counsel earlier, but Plaintiff was only able to speak with counsel fifty-five days after his arrest. [doc. # 10, p. 2]. Plaintiff faults only Sheriff Mike Stone, alleging that Stone knew or should have known that all pre-trial detainees should be brought before a judge to be appointed counsel within 72 hours. [doc. # 1, pp. 1-2, 4].

Under LA. CODE CRIM. PRO. art. 230.1(A), "The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel." "If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released on his own recognizance." *Id.* § (C).

Here, Plaintiff titles his amended pleading, "Habeas Corpus," suggesting that he seeks

4

release from confinement. [doc. # 10, p. 1]. To the extent he does seek immediate release, he should pursue his request through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011) ("As a pretrial detainee, however, Martinez's habeas petition is governed by § 2241.").[3]

To the extent Plaintiff seeks other relief solely for the delay in appointing counsel, he does not state a claim of constitutional dimension.[4] First, Plaintiff does not state a plausible claim that he was denied due process. In *Perry v. Jones*, 506 F.2d 778, 781 (5th Cir. 1975), for instance, the United States Court of Appeals, Fifth Circuit, held that "even though the failure to take [the appellant] before a magistrate violate[d] Texas law, it [did] not rise to the status of a denial of due process[.]" In *Scarbrough v. Dutton*, 393 F.2d 6, 7 (5th Cir. 1968), where a plaintiff alleged that "he was incarcerated for seven months prior to trial without ever having had a preliminary hearing," the Fifth Circuit held that the "failure to hold a preliminary hearing, without more, does not amount to a violation of constitutional rights . . . ." See *Stephenson v. Gaskins*, 539 F.2d 1066, 1067 (5th Cir. 1976) ("Plaintiff's claim that the denial of his demand for

---

[3] See also *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (recognizing the adoption of the following "bright-line" rule: "If a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle is a § 1983 suit.") (internal formatting, quotations, and quoted source omitted).

[4] The undersigned finds *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), of limited applicability to Plaintiff's claim that he wasn't *appointed* counsel sooner—as opposed to an unrelated, unpled claim that an accused lacked counsel at a critical stage of his proceeding—considering that LA. CODE CRIM. PRO. art. 230.1(D) provides, "The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant."

5

a preliminary hearing violated rights guaranteed to him under the Due Process Clause of the Fourteenth Amendment has been foreclosed by applicable Fifth Circuit precedent.").

While the Fifth Circuit has presumed, only for purposes of the appeal in which it opined, that LA. CODE CRIM. PRO. art. 230.1 "creates a liberty interest," it did not decide the issue. *Griffin v. City of Lafayette*, 166 F.3d 340 (5th Cir. 1998) ("For the purposes of this appeal, we presume without deciding that La. Code Crim. Proc. art. 230.1 creates a liberty interest actionable under 42 U.S.C. § 1983.");[5] see *LaFrance v. City of New Orleans*, 2017 WL 3277291, at *5 (E.D. La. June 19, 2017) ("Even accepting the doubtful premise that *Griffin* could be read to contradict *Perry* and *Scarbrough*, the Court remains bound by the earlier decisions.").

Moreover, Plaintiff does not plausibly allege that the Sheriff violated his Sixth Amendment right to counsel. In *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 212 (2008) (emphasis added), the United States Supreme Court held that counsel need only "be appointed within a reasonable time after attachment [(i.e. when formal judicial proceedings have begun)] *to allow for adequate representation* at any critical stage before trial, as well as at trial itself." The Supreme Court did not decide "whether [a] 6–month delay in appointment of counsel resulted in prejudice to the [criminal defendant's] Sixth Amendment rights . . . ." *Id.* at 213.

More important, the Supreme Court explained that an "accused at least is entitled to the *presence* of appointed counsel during any 'critical stage' of the postattachment proceedings; what makes a stage critical is what shows the need for counsel's presence." *Id.* at 212 (emphasis added; internal footnote omitted). In other words, the Supreme Court signaled that the Sixth Amendment requires counsel's presence at critical stages and that timely appointing counsel is

---

[5] The *Griffin* court also noted: "[p]ursuant to 5th Cir. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. 47.5.4."

6

only a prerequisite for ensuring that adequate counsel is present at critical stages. See *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) ("[T]he Sixth Amendment guarantees a defendant the right to have counsel *present* at all "critical" stages of the criminal proceedings.") (emphasis added).

In *Lucio v. Davis*, 751 F. App'x 484, n.3 (5th Cir. 2018), for example, the Fifth Circuit wrote that the Supreme Court, in *Rothgery*, "expressly declined to determine the appropriate standard for when a delay alone violates the Sixth Amendment right to counsel." The Fifth Circuit then denied the habeas applicant a certificate of appealability ("COA"), reasoning that "jurists of reason could not debate the potential for fairminded disagreement as to whether [the applicant's] three-month delay [in receiving appointed counsel] violated her Sixth Amendment right to counsel."). Notably, the Fifth Circuit added that, "to be entitled to a COA, [the applicant's] unreasonable delay claim must be based on denial of counsel at a critical stage of the proceedings." *Id.*

Likewise, in *Leachman v. Stephens*, 581 F. App'x 390, 400 (5th Cir. 2014) (emphasis added), the Fifth Circuit highlighted that the Supreme Court has not "held that speedy-trial concerns determinatively bear on the denial-of-counsel inquiry, *or* that a defendant suffers an independent violation of the right to counsel because he requests appointment of counsel not given to him until his arrival to answer pending state charges."

Here, Plaintiff does not specify whether the trial judge appointed counsel fifty-five days after his arrest or sooner. Regardless, Plaintiff does not allege that he lacked adequate representation at any critical stage of his criminal proceeding.[6] Even assuming an unreasonable

---

[6] See *Grogen v. Gautreaux*, 2012 WL 12947995, at *3 (M.D. La. July 11, 2012) ("Notwithstanding the defendants' alleged failure to comply with [LA. CODE CRIM. PRO. art. 230.1], the plaintiff is not entitled to relief in this Court. . . . All that the plaintiff has alleged in this case is that he was not provided with appointed counsel for a period of forty (40) days after his arrest. He fails to allege, however, that he suffered any actual prejudice as a result of this

delay in appointing counsel, alone, can violate the Sixth Amendment, Plaintiff's alleged 55-day delay was reasonable.[7] Compare *Lucio*, 751 F. App'x at n.3. Accordingly, the Court should dismiss this claim.

### 3. *Heck v. Humphrey* and *Wallace v. Kato*

Plaintiff alleges that Officers Ashcraft and Winzer arrested him and searched his vehicle without probable cause. Plaintiff was, thereafter, charged by bill of information with possession of marijuana, possession of marijuana with the intent to distribute it, possession of ecstasy, possession of drug paraphernalia, and reckless operation. [doc. # 10, p. 1].

If Plaintiff is convicted of the pending charges, he may not be entitled to seek relief for false arrest or for an unconstitutional search until the convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck*, 512 U.S. at 477 (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus). While

---

delay or that, had an attorney been appointed at an earlier time, a meritorious defense might have been asserted resulting in his release or in the dismissal of the charges levied against him. To the contrary, it appears that he remains in confinement in connection with the initial charges."); see also *Delaney v. Ackal*, 2009 WL 5195935, at *5 (W.D. La. Dec. 30, 2009) ("[E]ven if counsel was not timely appointed, and even if that delay was attributable to the Sheriff for failing to abide by the provisions of art. 230. 1, the claim alleges a violation of State law at worst and therefore is insufficient to state a claim for which relief may be granted pursuant to § 1983."); *Wingo v. Kaufman County*, 2010 WL 2307184 (N.D. Tex., June 4, 2010) ("Plaintiff's conclusory assertion that if counsel had been appointed at his initial appearance it would have been discovered sooner that he had not committed any crime is insufficient to show the county violated or was deliberately indifferent to his constitutional rights.").

[7] Plaintiff's delay was likely shorter, considering that an accused's Sixth Amendment right to assistance of counsel "does not attach until a prosecution is commenced." *Rothgery*, 554 U.S. at 198.

8

the rule in *Heck* does not extend to pending criminal matters, successful Section 1983 claims, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction for possession, possession with intent to distribute, or reckless operation.[8] See *Kato*, 549 U.S. at 393-94 (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the false arrest claims could necessarily imply the invalidity of a conviction because "false arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the invalidity of [the conviction].")).[9]

Plaintiff's unlawful search claims are likewise predicated on the absence of probable cause and, therefore, would constitute collateral attacks on any future conviction founded on

---

[8] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

[9] See also *Queen v. Purser*, 109 Fed. App'x. 659 (5th Cir. 2004) (a former inmate's false arrest claim necessarily challenged whether the evidence, which an officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus, the claim was not cognizable absent a showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

evidence derived from the searches.[10] See *Hall v. Lorenz*, 48 F. App'x 481 (5th Cir. 2002) ("Hall's claims regarding his allegedly illegal arrest and illegal search and seizure, if successful, would undermine the validity of his felony drug conviction."); *Kato*, 549 U.S. at n.5 ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction . . . .") *Agard v. Sanders*, 2006 WL 2128079, at *3 (N.D. Tex. July 31, 2006) (finding that the plaintiff's unlawful traffic stop claim would, if proved, implicate the validity of his guilty plea because the evidence discovered following the stop would be subject to suppression).[11]

Federal courts may stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Kato*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case

---

[10] While "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial . . . [b]ecause of doctrines like independent source[,] inevitable discovery, and [] harmless error," Plaintiff's allegations do not suggest that any of these doctrines would, following a finding by this Court that the officers lacked probable cause, validate Plaintiff's conviction. See *Heck*, 512 U.S. at n.7 (alterations to original and cited sources omitted); see also *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) ("If proved, however, [the plaintiff's] false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the 'fruit' of an illegal arrest. Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case . . . .").

[11] See also *Handshaw v. Hilliard*, 2015 WL 5177623, at *4 (S.D. Miss. Sept. 4, 2015) (finding a false arrest claim "*Heck* barred" and reasoning that "if Defendants' stop of Plaintiff, the occurrences surrounding his being taken into custody, and the subsequent search incidental to arrest [which revealed the drugs that were essential to the criminal charge] were determined unconstitutional . . . , such a holding would cast into doubt or potentially invalidate Plaintiff's drug possession charge."); *Lister v. Perdue*, 2015 WL 864834, at *1 (N.D. Tex. Feb. 27, 2015); *Scallion v. Red River Par.*, 2006 WL 2524159, at *2 (W.D. La. Aug. 25, 2006).

. . . is ended.") (emphasis supplied).

Here, Plaintiff's unlawful search and arrest claims are *related to* rulings that will likely be made concerning his pending charge(s). Accordingly, the Court should stay the claims pending the outcome of the ongoing criminal prosecution.

**4. Police Jury**

Plaintiff names "Police Jury" as a defendant. Presumably, Plaintiff refers to the Lincoln Parish Police Jury, considering Plaintiff was arrested in Lincoln Parish.

A parochial or municipal governing authority may not be held liable for a civil rights violation under theories of respondeat superior or vicarious liability. See *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *Evett v. DETNTFF,* 330 F.3d 681, 689 (5th Cir. 2003). Rather, under *Monell*, a plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston,* 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001)); see *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985) (applying *Monell* to a claim against a Louisiana police jury).

Here, Plaintiff does not describe or identify a policy, custom, or policy maker. At best, by alleging that the Police Jury employs Officers Ashcraft and Winzer,[12] Plaintiff implies that the Police Jury is vicariously liable for the officers' actions; as above, however, the Police Jury cannot be held vicariously liable. Accordingly, the Court should dismiss this claim.

**5. Sheriff Mike Stone**

Plaintiff implies that Sheriff Mike Stone is liable for the officers' alleged false arrest and

---

[12] [doc. # 4, p. 3].

11

unlawful searches because he employs the officers. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994).

Here, Sheriff Stone cannot be vicariously liable for the actions of his subordinates. As Plaintiff does not otherwise allege that Sheriff Stone participated in a constitutional deprivation or implemented a policy so deficient that it deprived Plaintiff of his constitutional rights, the Court should dismiss Plaintiff's claims against Sheriff Stone.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Willie Dominick, III's claim that he was not appointed counsel within 72 hours of his arrest, as well as his remaining claims against Sheriff Mike Stone and Police Jury, be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining false arrest and unlawful search claims against City Officer Ashcraft and Officer Jennifer Winzer be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with his claims, he must, within **thirty (30) days** of the date the criminal proceedings against him have concluded, file a motion to lift the stay;
>
> b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;
>
> c. Plaintiff should not file any more documents (other than an objection to this Report and Recommendation if he so chooses) in this action until the state court proceedings conclude; and

  d. Defendants shall not be required to answer during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

Under 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 14th day of June, 2019.

_____
Karen L. Hayes
United States Magistrate Judge